STONE'S ADM'R.
vs.
POWELL, &c.

*Goble,* for plaintiff.

---

PET. EQ.

Case 5.

December 9.

Case stated.

## Stone's adm'r. *vs.* Powell, &c.

ERROR TO ESTILL CIRCUIT.

Judge CRENSHAW delivered the opinion of the court.

1. By the Code of Practice, the only pleadings in suits in equity are the petition by the plaintiff, the answer or demurrer by the defendant, and the demurrer or reply by the plaintiff.

2. An action by a ward, or the representative of the ward, against the guardian, must be brought in the county where the guardian qualified. (*See Code of Practice,* § 124.)

3. The Code of Practice should be observed in its forms as a rule of practice.

This is a bill in chancery, filed by the aministrator of Verona Stone against Powell and others, to recover from Powell moneys alleged *to be in his hands* as guardian for said Verona Stone.

Powell was appointed and qualified as guardian in the county of Henry; the suit was brought in the county of Estill, where the said Verona died; process was served on Powell in the county of Madison, and a warning order taken against the other defendant.

Powell appeared by attorney and filed a plea, denominated a plea in abatement, alleging that, at the institution of the suit, he was, and continued to be, a resident citizen of Madison county, and that the process on the bill was served on him in that county and not elsewhere, and that there was not in Estill county any party resident defendant, whereby the court could lawfully entertain jurisdiction. To this

plea a demurrer was filed, which was overruled by the court, and the suit adjudged to be abated.

This suit was instituted since the adoption of the Code of Practice, by which the forms of pleadings in civil actions and suits, theretofore existing, were abolished, and the only pleadings now allowed are the petition by the plaintiff, the demurrer, or answer, by the defendant, and the demurrer, or reply, by the plaintiff. The plea, therefore, in this case, can be regarded in no other light than as a substantial answer to the bill; it shows that, according to the rules of the Code, the circuit court of Estill had no jurisdiction, and being demurred to, its allegations are to be taken as true, and the court did right in taking no further jurisdiction of the cause. Admitting the averments of the plea (or answer) to be true, and it is apparent that, by virtue of the Code § 134, the court had not jurisdiction of the suit.

But, independently of what is shown by the plea, it appears that the circuit court of Estill had not jurisdiction. The bill alleges that the guardian was appointed in the county of Henry, and according to § 124, of the Code, an action by a ward against his guardian for a settlement of his accounts, for additional security, or for his removal, must be brought in the county in which the guardian was qualified, and the representative of the ward ought to sue in the same court in which the ward is required to sue. The jurisdiction is, therefore, local, and the suit should have been brought in the county of Henry. It is true, the bill does not, in *totidem verbis*, pray for a settlement of the accounts of the guardian, but it is brought for moneys and personal property alleged to have been received by the guardian, and it is charged that a settlement had been demanded, and that the guardian refused either to settle or pay. It seems to us that the suit necessarily involves a settlement of the accounts of the guardian.

It is certainly to be desired that uniformity should be observed in the forms of proceeding in suits under

STONE'S ADM'R.
*vs.*
POWELL, &c.

1. By the Code of Practice, the only pleadings in suits in equity are the petition by the plaintiff, the answer or demurrer by the defendant, and the demurrer or reply by the plaintiff.

2. An action by a ward, or the representative of the ward, against the guardian, must be brought in the county where the guardian qualified. (*See Code of Practice,* § 124.)

3. The Code of Practice should be observed in its forms as a rule of practice.

the Code, and that, instead of a bill in chancery in form, the formal mode by petition in chancery ought, in strict propriety, to have been observed. And the same may be said in regard to the plea. which was filed in this case. It ought to have been in form an answer. But, as the bill and plea, in substance, contain what would have been alleged in a petition or answer, we have considered both in that aspect.

The judgment of the court, also, is informal, since the adoption of the Code, in which pleas in abatement are unauthorized. The judgment, in form, should have been a judgment of dismissal, instead of a judgment that the suit abate. But, it is only matter of form, and not of substance.

Wherefore the judgment is affirmed.

*Turner*, for plaintiff; *Burnam*, for defendant.